IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LANDWER, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 4163 |
| | ) | |
| JASDEEP SODHI, an individual | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Landwer ("Landwer") sued Defendant Jasdeep Sodhi ("Sodhi") alleging causes of action for defamation, intentional infliction of emotional distress ("IIED"), conspiracy to commit both defamation and IIED, and aiding and abetting defamation. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. *See* [ECF No. 17.] This matter is before the Court on Defendant Sodhi's combined Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 8.] For the reasons stated below, Sodhi's Motion to Dismiss for Lack of Personal Jurisdiction is granted without prejudice in accordance with Federal Rule of Civil Procedure 41(b) and his Motion to Dismiss is denied as moot.

# I. BACKGROUND

The following facts are taken from Landwer's complaint. *See* [ECF No. 1-1] ("Compl. ¶ ___").[1] Landwer is a citizen of Illinois and a resident of DuPage County, Illinois. (Compl. ¶ 1.) Sodhi is a citizen of California and a resident of Marin County, California. (*Id.* at 2.) Sodhi is employed as a "Solutions Architect" and conducts business on and through the internet with clients throughout the United States. (*Id.*) Sodhi is a computer consultant/solutions architect for companies. (*Id.* at 4.) Landwer brings suit against Sodhi based on Sodhi's conduct in the course and scope of his employment. (*Id.* at 2.)

Landwer alleges that Sodhi performed tortious acts or omissions that caused harm to Landwer in Illinois during the course of Sodhi's business. (Compl. ¶ 4.) Landwer bases this conclusion, in part, on the allegation that Sodhi has done business that affected DuPage County. (*Id.*) However, Landwer's complaint does not contain any facts describing the business Sodhi conducted in Illinois or in DuPage County.

Landwer also states, on information and belief, that the current dispute arises out of a relationship between the founders of Sequre Consulting Corporation and Sodhi. (Compl. ¶ 5.) According to Landwer, Sodhi has a personal vendetta against the founders of Sequre Consulting Corporation and, on information and belief, wants to destroy the company and its founders. (*Id.*) The dispute between Sodhi and Sequre Consulting is said to have arisen after Sequre Consulting called upon Sodhi to assist in establishing a web presence for the company. (*Id.*) While Landwer's complaint does not put forward facts about the dispute, it does state that the disagreement occurred

---

[1] These facts are taken as true in the context of Defendants' Motions to Dismiss. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (In evaluating a complaint's sufficiency, "we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the party's] favor.")

a significant time before Landwer became involved with Sequre Consulting Corporation and that he learned about it second-hand. (*Id.*)

After Landwer discovered the business dispute, Landwer states that Sodhi began writing defamatory things about him. (Compl. ¶ 6.) According to Landwer, Sodhi submitted his defamatory writings to local, state, and federal law enforcement agencies and published statements online. (*Id.*) These writings were submitted to the Marin County Police and Marin County District Attorney in California, the Attorney General of the State of California, and the Federal Bureau of Investigation ("FBI") in California and Illinois. (*Id.* at 20.) Landwer does not provide facts in his complaint as to what statements were made to law enforcement agencies or published online. Landwer does contend the statements constitute defamation *per se* as they "(1) falsely impute the commission of a criminal offense, (2) falsely impute an inability or want of integrity in performing the duties of Plaintiff Landwer in his profession; and (3) use false words prejudicing Plaintiff Landwer in his trade and/or profession." (*Id.* at 8.) (emphasis omitted.) Landwer claims he was injured by Sodhi's statements and suffered damages to his business reputation, prospective business opportunities, and expected returns on his investment in the Sequre Consulting Corporation. (*Id.* at 7.) Finally, Landwer states that Sodhi conspired and was aided and abetted in these actions by "not yet identified John Does and Jane Does and/or ABC Corporations, and/or Other Entities." (*Id.* at 24.)

In Count I of his complaint, Landwer alleges that Sodhi defamed him by publishing one or more oral and written false statements that were intended to impeach Landwer's character in violation of Illinois common law. In Count II, Landwer brings a claim of IIED against Sodhi alleging a violation of Illinois common law. In Count III, Landwer claims that Sodhi and yet unidentified parties conspired to defame Landwer. In Count IV, Landwer states that Sodhi and yet

un-identified parties also conspired to commit IIED. Finally, in Count V, Landwer brings a claim of aiding and abetting against Sodhi and yet un-identified parties for both his defamation and IIED claims.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the court's personal jurisdiction over the party. *Montalbano v. HSN, Inc.*, 2011 WL 3921398, at *1 (N.D. Ill. 2011). The burden of proof on jurisdictional challenges is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997). In considering a motion to dismiss for lack of personal jurisdiction, the court may review affidavits submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the motion without a hearing, however, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id.* at 782 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). The court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)). Disputes concerning relevant facts are resolved in favor of the plaintiff. *Purdue*, 338 F.3d at 782 (citing *Nelson v. Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

## III. ANALYSIS

I. **Sodhi's Motion To Dismiss For Lack Of Personal Jurisdiction**

Sodhi argues the Court lacks personal jurisdiction over him because he is a nonresident of Illinois, does not transact business in Illinois, has no contacts with Illinois, and it would violate his due process rights to require him to defend the current action in Illinois. Memorandum in Support

of Motion to Dismiss ("Sodhi Br.") [ECF No. 9] at 6-7. In diversity cases, a federal court has personal jurisdiction over a foreign defendant "'only if a court of the state in which [the district court] sits would have such jurisdiction.'" *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (quoting *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990)). The Illinois long-arm statute allows its courts to exercise personal jurisdiction to the full extent allowed by the United States Constitution. *Id.* (citing 735 ILL. COMP. STAT. 5/2-209(c) ("735 ILCS 5/2-209__")). In order to satisfy the Due Process Clause, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)).

Personal jurisdiction exists in two forms: general and specific. *Montalbano*, 2011 WL 3921398, at *2. Where the events that are the basis of the lawsuit do not arise out of and are not related to any activities within the forum state, the minimum contacts requirement is satisfied if the court has general jurisdiction over the defendant, that is to say, jurisdiction stemming from the defendant's "continuous and systematic" contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919-20 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). The second form of personal jurisdiction is specific jurisdiction, which is appropriate where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In either case, "each defendant's contacts with the forum state must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Landwer states in his response brief "the parties agree there is no general jurisdiction over defendant[] in this case. The dispute is whether there is specific jurisdiction." (Plaintiff's Response Brief) ("Response Br.") [ECF No. 25] at 5. Landwer argues the bases for personal jurisdiction rests in 735 ILCS 5/2-209(b)(4) and (c). Section (b)(4) allows a court to exercise jurisdiction "in any action arising within or without this State against any person who: (4) Is a natural person or corporation doing business within this State." 735 ILCS 5/2-209(b)(4). Section (c) is a catch-all provision that allows the court to exercise jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). The Court will address each of the alleged bases in turn.

1. <u>Landwer Fails To Allege Facts Sufficient To Establish Personal Jurisdiction Under 735 ILCS 5/2-209(b)(4)</u>

Landwer argues the Illinois long-arm statute authorizes the Court to exercise jurisdiction over Sodhi because Sodhi is "doing business" in Illinois. (Response Br.) [ECF No. 25] at 5 (citing 735 ILCS 5/2-209(b)(4). The Illinois long-arm statute's "doing business" standard is "virtually identical to the federal requirement for general jurisdiction that a party maintain continuous and systematic business contacts with the forum." *See Central States, Se. and Sw. Areas Pension Fund*, 530 F.Supp.2d at 1016. Landwer states Sodhi "has done business that has affected DuPage County," but he does not specify what business Sodhi engaged in that affected Illinois or DuPage County. (Compl. ¶ 4.) Landwer's sole reference to Sodhi's business activity, with reference to Sequre Consulting, further weakens his argument as Sequre was incorporated, operated, and dissolved in California. Sodhi Br. [ECF Nos. 9-2, 9-3] at Exs. A and B. Landwer's complaint is devoid of any allegation that Sequre Consulting conducted business in Illinois or DuPage County. And even if it did, that does not mean that Sodhi individually conducted business in Illinois. Therefore, Landwer's complaint fails to specifically allege that Sodhi maintained the requisite

continuous and systematic business contacts with Illinois to establish personal jurisdiction over him.

Furthermore, Sodhi states in his affidavit he "has never done business in the State of Illinois, and to [his] knowledge, [he has] never transacted business with a citizen of the State of Illinois." (Affidavit of Sodhi) ("Sodhi Aff.") [ECF 9-1] at 4; *See also Purdue*, 338 F.3d at 782 ("in considering a motion to dismiss for lack of personal jurisdiction, the court may review affidavits submitted by the parties.") Sodhi dissolved Sequre Consulting on October 24, 2008 and has not conducted business through or operated Sequre Consulting since that date. (Sodhi Aff. at 7, 8.) Sodhi's statements that he has never done business in Illinois or conducted business with an Illinois citizen further belies Landwer's assertion that Sodhi is subject to the Illinois long-arm statute as regards to "doing business" in Illinois. While not conclusive on its own, Sodhi's affidavit along with Landwer's fact-devoid complaint are sufficient together to enable the Court to conclude that it does not have personal jurisdiction over Sodhi based on him "doing business" in Illinois.

2. <u>Landwer Fails To Allege Facts Sufficient To Establish Personal Jurisdiction Under 735 ILCS 5/2-209(c)</u>

Landwer contends that this Court has jurisdiction over Sodhi under Illinois's catch-all provision. 735 ILCS 5/2-209(c) (allowing Illinois courts to exercise personal jurisdiction "on any basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.") The Seventh Circuit has held that "there is no operative difference between those two constitutional limits." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Consequently, "the statutory question merges with the constitutional one" and the Court will proceed to the question of whether the exercise of personal jurisdiction would violate federal due process. *Northern Grain Mktg., LLC, v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). For a court to exercise personal jurisdiction over an out-of-

state defendant, the key issue for constitutional purposes is whether the defendant has sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists,* 623 F.3d at 443 (quoting *Int'l Shoe Co.*, 326 U.S. at 316 (1945).

As stated above, it appears from Landwer's complaint and Sodhi's affidavit that Sodhi had virtually no contact with Illinois except that he responded to Landwer's lawsuit and miscellaneous e-mails sent by Landwer. To satisfy the "minimum contacts" requirement, the defendant must have done "some act by which [he] purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 253 (1958)). This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980), or of the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S., at 417. Jurisdiction is proper where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).

Here, Sodhi did not purposefully direct his activities to the State of Illinois. Sodhi did not conduct business or hold himself out as being interested in doing business in Illinois or with the citizens of Illinois. (Sodhi Aff. at 4.) Sodhi's former company, Sequre Consulting, was formed, operated, and dissolved in California. Sodhi Br. [ECF Nos. 9-2, 9-3] at Exs. A and B. Moreover, Sodhi has never lived, been a resident of, or owned property in Illinois. (Sodhi Aff. at 4.) In fact, it was Landwer who reached out to Sodhi, in California, to discuss a business venture in California.

(*Id.* at 12.) Additionally, it was Landwer who registered a California corporation using Sodhi's California residential address. Sodhi Br. [ECF No. 9-6] at Ex. E. Based on Landwer's complaint and Sodhi's affidavit, it appears Sodhi had never purposefully reached out to a citizen of Illinois until Landwer first contacted him.

After Landwer allegedly used Sodhi's residential address to revive and re-register "Sequre Consulting" as a business and took over the Internet domain-name for Sequre Consulting, Sodhi reached out to law enforcement authorities. (*Id.* at 16, 19.) However, all of Sodhi's acts took place in California. He reported the use of his residential address to the Central Marin Police Authority, in California, and to the California Secretary of State. (*Id.* at 19, 20.) Sodhi also filed an online report with the FBI from his home in California. (*Id.* at 21.) According to Landwer, Sodhi also filed a report with the FBI in Illinois but this filing alone does not satisfy the minimum contacts requirement for personal jurisdiction. (Compl. ¶ 20); *see also Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.")

While Sodhi's filing of reports with various law enforcement agencies may have affected Landwer, this is the sort of "attenuated" contact based on the "unilateral action of another party" that *Keeton* and *Helicopteros Nacionales* cautioned courts against using to find or exert personal jurisdiction. Landwer's alleged actions appear, from his complaint and Sodhi's affidavit, to be unilateral actions. Landwer reached out to Sodhi (Sodhi Aff. ¶ 12), asked Sodhi to meet with him in San Francisco (*Id.* at 13), took over Sodhi's Internet domain name (*Id.* at 14), and attempted to take over Sodhi's former business name (*Id.* at 16). There is nothing to indicate Sodhi took any action except to respond to Landwer and eventually to report Landwer's actions to law enforcement. Without more, it would be improper to hold that Sodhi purposefully availed himself of the benefits of Illinois law and require him to defend this lawsuit in Illinois.

II. **Sodhi's Motion To Dismiss For Failure To State A Claim**

Because the Court grants Sodhi's Motion to Dismiss for Lack of Personal Jurisdiction, it need not address substantively Sodhi's 12(b)(6) Motion to Dismiss for Failure to State a Claim. *See Solaia Technology LLC v. Arvinmeritor, Inc.*, 2003 WL 22287381, at *1 (N.D. Ill. 2003) (stating that the court will not address a motion to dismiss for failure to state a claim if it grants a movant's motion to dismiss for lack of personal jurisdiction.) That Motion is denied as moot and his Motion To Dismiss For Failure To State A Claim is denied as moot.

### IV. CONCLUSION

For all the reasons set forth in this Memorandum Opinion and Order, Sodhi's Motion to Dismiss [ECF No. 8] for Lack of Personal Jurisdiction is granted without prejudice in accordance with Federal Rule of Civil Procedure 41(b).

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 15, 2018